**E-FILED**
Wednesday, 21 October, 2009 02:50:37 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

............................................................

RALPH R. TREMAIN
Regional Director of Subregion 33 of the
National Labor Relations Board,
for and on behalf of the
NATIONAL LABOR RELATIONS BOARD,

Petitioner,

v.

CAMELOT TERRACE,

Respondent,

and

GALESBURG TERRACE,

Respondent.

............................................................

**FILED**

OCT 21 2009

CLERK OF COURT
CENTRAL DISTRICT OF ILLINOIS

Case No. 08-cv-1342

## STIPULATION CONSENTING TO ENTRY OF ADJUDICATION AND ORDER

IT IS HEREBY STIPULATED AND AGREED by and between the Petitioner,

Ralph R. Tremain, Regional Director of Subregion 33 of the National Labor Relations

Board, for and on behalf of the National Labor Relations Board ("the Board") and the

Respondents, Camelot Terrace and Galesburg Terrace, by their attorneys and subject to

the approval of the Court, that:

1.      The parties consent to this Court's entry of an Adjudication and Order, herein called the Court's Consent Decree, and upon all the pleadings and the record of the proceedings herein:

2.      Respondents, pending the Board's final administrative adjudication of NLRB Cases 33-CA-15584, 33-CA-15587, 33-CA-15669, 33-CA-15670, 33-CA-15780, and 33-CA-15781, will not:

> (a)    fail and refuse to bargain collectively in good faith with the Union as the exclusive collective-bargaining representative of their employees in the appropriate collective bargaining units by refusing to meet at reasonable times, unnecessarily restricting the dates for and lengths of bargaining sessions, reneging on tentative agreements, cancelling bargaining sessions early, and refusing to bargain over economic proposals;

> (b)    fail and refuse to furnish the Union with information necessary and relevant to its performance as an exclusive collective-bargaining representative;

> (c)    implement unilateral changes in terms and conditions of employment of bargaining unit employees, without providing the Union with timely notice and an opportunity to bargain;

> (d)    bypass the Union and deal directly with bargaining unit employees regarding terms and conditions of employment; and

(e) in any like or related manner interfere with, restrain, or coerce their employees in the exercise of their rights guaranteed them by Section 7 of the National Labor Relations Act.

3. Respondents, to the extent they have not already done so, will engage in the following affirmative conduct pending administrative completion of NLRB Cases 33-CA-15584, 33-CA-15587, 33-CA-15669, 33-CA-15670, 33-CA-15780, and 33-CA-15781:

(a) rescind, at the Union's option, any and all changes to terms and conditions of employment implemented on or after December 1, 2008;

(b) timely furnish the Union with information showing: whether certified nursing assistants were properly screened before being hired at Respondent Camelot Terrace; attendance records for Respondent Galesburg Terrace's unit employees; census information for the patient population at Respondent Camelot Terrace; and, a copy of Kathy Rhodes' personnel file;

(c) bargain collectively and in good faith with the Union as the exclusive collective-bargaining representative of bargaining unit employees;

(d) immediately proceed to set a bargaining date, not to exceed seven (7) days from the date of the Court's order, and thereafter bargain in good faith with the Union until full agreement or *bona fide* impasse is reached. Such bargaining shall be held totaling not less than twenty (20) hours per month, per facility, at least five (5) hours per session, or, at Respondents' option, totaling no less than twenty (20) hours per month for the same contract(s) for

3

both facilities, at least six (5) hours per session, or another schedule mutually agreed to by the parties, until a complete collective-bargaining agreement, or good-faith impasse, is reached in both units;

(e)  post copies of the Court's Consent Decree at their Streator, Illinois, and Galesburg, Illinois facilities at all locations where notices to employees customarily are posted, maintain said posting during the pendency of the Board's administrative proceedings free from all obstructions and defacements, and grant agents of the Board reasonable access to their Streator, Illinois, and Galesburg, Illinois facilities to monitor compliance with the posting requirement; and

(f)  within twenty (20) days of the issuance of the Court's Consent Decree, file with the Court, with a copy sent to the Regional Director of the Board for Subregion 33, a sworn affidavit from a responsible management official setting forth with specificity the manner in which Respondents have complied with the terms of the Court's Consent Decree, including how and to whom the documents have been mailed as required by the Court's order.


___s/ Ralph R. Tremain___
Ralph R. Tremain, Regional Director
National Labor Relations Board
Subregion 33

4

_s/ Bruce C. Beal_
Bruce C. Beal, Attorney for
Respondents Camelot Terrace
and Galesburg Terrace

**IT IS SO ORDERED.** _Case terminated . JBM_

Signed at Peoria, Illinois,

This _21st_ day of _October_ , 2009.

s/Joe B. McDade

Joe B. McDade
UNITED STATES DISTRICT JUDGE

5